UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**EINAR RIVERA**,
and all others similarly situated
under 29 U.S.C. § 216(b),

    Plaintiff,

v.

**THIRD CENTURY DEVELOPMENT CORPORATION**,
**d/b/a Cherry Village Apartments**,
a Florida corporation,
**BETTY D WALKER**,
individually,

    Defendants.

_____/

## COMPLAINT

    Plaintiff, Einar Rivera ("Rivera") and all others similarly situated, under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 216(b), file this Complaint against Defendants, Third Century Development Corporation (d/b/a Cherry Village Apartments) ("Cherry Village") and Betty D Walker ("Walker"), and allege, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. Cherry Village is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

3. Walker is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

4. Rivera is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. Upon information and belief, the annual gross revenue of Cherry Village was at all times material hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, Cherry Village was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Cherry Village operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Cherry Village, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Cherry Village is and was, during all time material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff and all others similarly situated regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

12. Upon information and belief, Walker is the president of Cherry Village and has economic and day-to-day control of Cherry Village, and of the nature and structure of Plaintiff's employment relationship with Cherry Village and is therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Upon information and belief, Cherry Village has employed Plaintiff as a maintenance laborer for seventeen (17) years.

14. Plaintiff is a non-exempt employee under the FLSA, entitled to overtime compensation at time and one half of his regular rate.

15. Throughout his employment with Cherry Village, Plaintiff has routinely worked in excess of forty (40) hours per week.

16. Specifically, Plaintiff works an average of five (5) hours of overtime per week.

17. Plaintiff worked after hours including being on call at all hours of the night.

18. Plaintiff often worked on weekends but was not compensated for any overtime hours.

19. Defendants have failed/refused to pay to Plaintiff the required overtime wages as required by the FLSA.

20. Defendants have willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours worked by him.

21. Defendants know of the overtime requirements of the FLSA and have willfully/intentionally/recklessly failed to investigate whether its payroll practices are in accordance with the FLSA.

22. Additionally, Plaintiff has been misclassified as a 1099 independent contractor instead of a W2 employee.

23. As a result of Defendants' actions, Plaintiff has suffered damages and is entitled to receive compensation.

24. Plaintiff has complied with all conditions precedent to filing this action.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

26. On July 29, 2019, Plaintiff through his undersigned counsel, sent to Cherry Village a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Cherry Village failed/refused to do so.

## COUNT I
## OVERTIME (FLSA)
## AGAINST CHERRY VILLAGE

27. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

28. This is an action against Cherry Village for overtime compensation pursuant to 29 U.S.C. § 216(b).

29. Plaintiff has routinely worked in excess of forty (40) hours per week for Cherry Village.

4

30. Specifically, Plaintiff has worked an average of five (5) hours of overtime per week for Cherry Village.

31. Plaintiff is a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

32. Defendant knew or should have known that Plaintiff has suffered and is permitted to work overtime as defined in 29 U.S.C. § 203(g).

33. Cherry Village has failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he is employed, contrary to the provisions of 29 U.S.C. § 207(a).

34. At all material times, Cherry Village knew or should have known that such refusal and/or failure is prohibited by the FLSA.

35. Notwithstanding, Cherry Village has intentionally and willfully violated the FLSA, as cited herein.

36. At all material times, Cherry Village has failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

37. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## OVERTIME (FLSA)
## AGAINST WALKER

38. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

39. This is an action against Walker for overtime compensation pursuant to 29 U.S.C. § 216(b).

40. Plaintiff has routinely worked in excess of forty (40) hours per week for Walker.

41. Specifically, Plaintiff has worked an average of five (5) hours of overtime per week for Walker.

42. Plaintiff is a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

43. Defendant knew or should have known that Plaintiff has suffered and is permitted to work overtime as defined in 29 U.S.C. § 203(g).

44. Walker has failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he is employed, contrary to the provisions of 29 U.S.C. § 207(a).

45. At all material times, Walker knew or should have known that such refusal and/or failure is prohibited by the FLSA.

46. Notwithstanding, Walker has intentionally and willfully violated the FLSA, as cited herein.

47. At all material times, Walker has failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

48. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT III
## MISCLASSIFICATION (FLSA)
## AGAINST CHERRY VILLAGE

49. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

50. Although Plaintiff is designated as an independent contractor by Cherry Village, he is in fact an employee.

51. Pursuant to the FLSA, employers must appropriately classify and compensate all employees.

52. Plaintiff is dependent on Defendants' business and is a permanent employee who serves Defendants' business.

53. Plaintiff is unequivocally entitled to all legal benefits and protections provided to employees under federal law and the FLSA, including but not limited to, minimum wages, overtime rates, etc., that he did not receive due to Cherry Village's willful misclassification.

### COUNT IV
### MISCLASSIFICATION (FLSA)
### AGAINST WALKER

54. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

55. Although Plaintiff is designated as an independent contractor by Walker, he is in fact an employee.

56. Pursuant to the FLSA, employers must appropriately classify and compensate all employees.

57. Plaintiff is dependent on Defendants' business and is a permanent employee who serves Defendants' business.

58. Plaintiff is unequivocally entitled to all legal benefits and protections provided to employees under federal law and the FLSA, including but not limited to, minimum wages, overtime rates, etc., that he did not receive due to Walker's willful misclassification.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

59. Plaintiff hereby demands a jury trial of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Einar Rivera and all others similarly situated, respectfully request that judgment be entered in their favor against Defendants, Cherry Village Apartments and Betty D Walker. Plaintiff and all others similarly situated are entitled to legal and equitable relief including, payment of unpaid wages, additional amounts such as liquidated damages, interest, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of November 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172